IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-226-RJC-DSC

WACHOVIA MORTGAGE CORPORATION, )
and BROCK & SCOTT, PLLC, )
)
    Plaintiffs, )
)
v. ) **O R D E R**
)
LUISA E. POINDEXTER, )
)
    Defendant. )
_____ )

**THIS MATTER** comes before the Court sua sponte. On May 17, 2010, the defendant Luisa E. Poindexter filed a Notice of Removal (Doc. No. 2) removing the above-captioned case, a foreclosure proceeding, from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, Case No. 09-SP-2673. An order to allow the foreclosure sale of the defendant's property was entered by the Superior Court on June 11, 2009. (Doc. No. 2-2 at 16). Pursuant to this order, the property was sold on April 30, 2010. (Doc. No. 2-1 at 3). On May 17, 2010, the same day she filed her notice of removal, the defendant filed a "Motion to Stay Notice to Vacate" in state court, moving to enjoin her eviction pending reconsideration of the court order authorizing the foreclosure sale of her property. (Doc. No. 2-1 at 1-2). Along with her notice of removal, the defendant has also filed an Application to Proceed in Forma Pauperis, seeking to proceed without having to prepay the costs associated with removing this action to federal court. (Doc. No. 1).

A defendant may remove "any civil action brought in a State court of which the district

1

courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). At any time prior to entry of final judgment, the district court shall remand a case previously removed under § 1441 if "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "[B]ecause the lack of subject matter jurisdiction may be noticed by the district court sua sponte or by any party, the court may enter a remand order sua sponte." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) (internal citations omitted).

Federal subject-matter jurisdiction is created either by complete diversity of citizenship between adverse parties and an amount in controversy exceeding $75,000, see 28 U.S.C. § 1332, or a claim arising "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, the notice of removal and attached exhibits show that the defendant and her husband are citizens of North Carolina. The mortgage holder, Wachovia Mortgage Corporation, is a business incorporated under the laws of North Carolina with its principal offices in Charlotte, North Carolina. Brock & Scott, PLLC, the substitute trustee to the deed of trust executed for the defendant's foreclosed property, is a professional limited liability company formed under the laws of North Carolina with its principal place of business in Winston-Salem, North Carolina. Because all interested parties in this case are citizens of North Carolina, the Court is without federal subject-matter jurisdiction based on diversity of citizenship.

Moreover, no federal question is presented by this case. The Fourth Circuit has explained that federal subject-matter jurisdiction is created by a federal question only when "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 607 (4th Cir. 2002) (internal quotation marks omitted). Foreclosure actions brought under state law do not give rise to a substantial question of federal law. See, e.g., McNeely v. Moab Tiara Cherokee Kituwah

Nation Chief, No. 3:08cv293, 2008 WL 4166328, at *1 (W.D.N.C. Sept. 3, 2008); Chase Manhattan Mortg. Corp. v. Phillips, No. 3:07cv315, 2007 WL 2902993, at *1 (W.D.N.C. Oct. 2, 2007); U.S. Dept. of Agriculture v. Brooks, No. 1:06cv188, 2006 WL 2347741, at *1 (W.D.N.C. Aug. 11, 2006) (all holding that foreclosure proceedings initiated in state court do not provide a basis for federal question jurisdiction). The defendant asserts no grounds whatsoever to raise a question of federal jurisdiction, nor has the Court found any indication of a federal question present in the state court documents related to the foreclosure proceeding. Thus, it is clear from the face of the defendant's notice of removal and attached exhibits that the Court lacks subject-matter jurisdiction to adjudicate this case.

**IT IS, THEREFORE, ORDERED** that:

1. The above-captioned matter is hereby **REMANDED** to the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina; and

2. The defendant Luisa E. Poindexter's Application to Proceed in Forma Pauperis (Doc. No. 1) is **DENIED** as moot.

**SO ORDERED**.

Signed: May 25, 2010

Robert J. Conrad, Jr.
Chief United States District Judge